NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-128

KEARSARGE WALPOLE LLC & another[1]

vs.

ZONING BOARD OF APPEALS OF WALPOLE & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case involves a dispute over whether a large-scale solar array may be sited in Walpole outside of overlay districts created pursuant to a town of Walpole (Walpole) zoning bylaw.  A judge of the Land Court determined that a decision of the zoning board of appeals of Walpole (board), upholding the denial of a building permit to Kearsarge Walpole LLC (Kearsarge) based on the bylaw, had to be annulled because the bylaw violates G. L. c. 40A, § 3, ninth par., the so-called "solar energy provision." On appeal, the board and Walpole (town defendants) seek reversal, arguing that summary judgment was improper because Walpole's zoning bylaw confining large-scale solar development

_____

[1] Norfolk County.  Another plaintiff, Norfolk County Agricultural High School, has not joined in this appeal.

[2] Town of Walpole.

to restricted overlay districts is reasonably grounded in the promotion of public health, safety, and welfare and therefore does not violate the solar energy provision.  We conclude that under Tracer Lane II Realty, LLC v. Waltham, 489 Mass. 775, 781 (2022) (Tracer Lane), the bylaw violates the solar energy provision.  Accordingly, we affirm.

Background.  Norfolk County Agricultural High School (Norfolk Aggie) is a regional vocational high school that prepares students to enter occupations related to agriculture.  The campus consists of parcels of land owned by Norfolk County, with addresses on North Street, Main Street, and Fisher Street in Walpole's rural residential zoning district.  In June of 2017, the county issued a request for qualifications for the installation and operation of solar facilities on the Norfolk Aggie campus.  Kearsarge bid successfully and entered into negotiations with the county for the development of the project.  Those negotiations resulted in a January 2020 letter of intent (LOI) between the county and Kearsarge detailing the agreement to build and operate approximately ten solar sites across the Norfolk Aggie campus.

On January 15, 2021, Kearsarge, Norfolk Aggie, and the county entered into an energy management services agreement governing the portion of the overall project to be developed on the North Street property.  Kearsarge agreed to lease the

2

property on which it would install, own, and operate a solar facility. Electricity produced at the facility would be sold to the county at a reduced rate.[3]

On March 24, 2021, Kearsarge applied to the Walpole planning board for site plan review of the North Street project, which it withdrew when the Walpole building commissioner refused to sign the application because the "use [was] not allowed in the district." In May of 2021, Kearsarge applied to the building commissioner for a building permit for the property; the building commissioner denied the application because the project was a nonconforming use with no applicable exception, among other reasons. Kearsarge appealed the building commissioner's decision to the board. The board upheld the commissioner's decision after public hearing, finding that the proposed use of the property was nonconforming and could not be excepted from the overlay district bylaw as an essential government function, nor as a project with an educational purpose.

Kearsarge appealed to the Land Court pursuant to G. L. c. 40A, § 17, arguing that the project is immune from regulation

---

[3] In accordance with the LOI, Kearsarge already had constructed a parking lot canopy solar facility and a rooftop solar facility on the campus. Kearsarge obtained "as of right" building permits from Walpole for both installations between September and October 2020, under the essential government function zoning exemption.

3

by the zoning bylaw because (1) the county's proposed use is an essential government function; (2) the project is exempt from regulation under the solar energy provision; and (3) the project is exempt from regulation under the education provision of G. L. c. 40A, § 3, third par. Acting on cross motions for summary judgment, the motion judge annulled the board's decision because the Walpole zoning bylaw violates G. L. c. 40A, § 3, ninth par. The motion judge also concluded that the primary purpose of the project was financial with, at best, an incidental educational purpose and thus that the project was not protected from regulation by the Walpole zoning bylaw as an educational use. These cross appeals followed.

Discussion. "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. We review a decision on a motion for summary judgment de novo and, thus, 'accord no deference to the decision of the motion judge'" (citations omitted). Tracer Lane, 489 Mass. at 778.

The town defendants contend it was error to award summary judgment to Kearsarge, as the Walpole zoning bylaw does not violate the solar energy provision. Under G. L. c. 40A, § 3, ninth par., "No zoning ordinance or by-law shall prohibit or unreasonably regulate the installation of solar energy systems or the building of structures that facilitate the collection of

solar energy, except where necessary to protect the public health, safety or welfare."  To determine if a zoning bylaw comports with the solar energy provision, the pertinent inquiry is whether the interest advanced by the ordinance or bylaw outweighs the burden placed on the installation of solar energy systems.  Tracer Lane, 489 Mass. at 781.

In Tracer Lane, 489 Mass. at 782, the Supreme Judicial Court held that "[i]n the absence of a reasonable basis grounded in public health, safety, or welfare," a municipality may not create "[a]n outright ban of large-scale solar energy systems in all but one to two percent of a municipality's land area."  To do so would violate the solar energy provision contained in G. L. c. 40A, § 3.  In reaching this conclusion, the court presumed that the interest the municipality's code advanced -- "preservation of each zone's unique characteristics" -- was legitimate.  Id. at 781.  Yet because nothing in the record in Tracer Lane suggested the "stringent limitation" of one to two percent of the land area was "necessary to protect the public health, safety or welfare,'" the Supreme Judicial Court determined that "the zoning code violate[d] the solar energy provision."  Id., quoting G. L. c. 40A, § 3, ninth par.

5

Here, Walpole's bylaw establishes large-scale ground-mounted solar photovoltaic overlay districts (SPODs).[4] Four sites in the town are designated as SPODs, covering between 1.85 and 2.07 percent of the total land area. The parcel at issue here is not located in a SPOD.

The town defendants argue that Tracer Lane is distinguishable in two important respects. First, unlike the bylaw in Tracer Lane, Walpole's zoning bylaw does not explicitly prohibit or limit solar installations to any particular zone, such that, theoretically, up to 10.14 percent of Walpole's total land area could be sited for large-scale solar development.[5] Second, the town defendants argue that the interests advanced by its bylaw promote public health, safety, and welfare sufficiently to justify the burden placed on solar development. Specifically, the bylaw protects agriculture and open space values in the rural residential district. We are not persuaded.

---

[4] Smaller-scale solar facilities outside of the SPODs are permitted in all zoning districts where they are accessory uses. This was true of the bylaw at issue in Tracer Lane as well, 489 Mass. at 778, but it did not save the bylaw, because large-scale solar facilities "are key to promoting solar energy in the Commonwealth." Id. at 781.

[5] The town defendants suggest that the entirety of the industrial or limited manufacturing zoning districts as well as other districts such as highway business could conceivably be suitable for solar installations.

As to the argument that the bylaw allows the expansion of the SPODs, requiring every desired expansion of solar use to obtain discretionary zoning relief is exactly the local interference that G. L. c. 40A, § 3, ninth par., is designed to prevent.  The issue is whether the bylaw "unduly restricts solar energy systems," and as the bylaw currently stands, it does. Tracer Lane, 489 Mass. at 781.  At any time, applicants interested in developing a new large-scale solar installation outside of the approximately two percent of land in the existing SPODs would have to petition to amend the Walpole zoning bylaws pursuant to the amendment process established in G. L. c. 40A, § 5, which essentially requires applicants to submit their proposed amendment to a public hearing and town vote. Once the bylaws are amended to expand a SPOD, large-scale ground-mounted solar projects are subject to "as of right" site plan review. Even assuming that this process does not constitute a total prohibition on development outside the SPOD and the land area available for large-scale solar development reaches ten percent, applicants still face a significant hurdle under the bylaw.[6]

---

[6] Indeed, the portions of the Waltham zoning code invalidated in Tracer Lane, which explicitly prohibited solar development, were also subject to the statutory amendment process.  See G. L. c. 40A, § 5 ("Zoning ordinances or by-laws may be adopted and from time to time changed by amendment, addition or repeal, but only in the manner hereinafter provided").

7

As to the argument that the bylaw protects a rural residential zone for agriculture, open space, and lower density single-family residential land use, the Supreme Judicial Court rejected a similar argument in Tracer Lane. In Tracer Lane, 489 Mass. at 776, the road proposed to service a large-scale solar facility in Lexington was to be located in an entirely residential zone of Waltham. In other words, the road to support the large-scale solar project was going to be a commercial use in a residential zone. As the Supreme Judicial Court did in Tracer Lane, supra at 781, we presume here that the interests Walpole's zoning bylaw advance are "legitimate." See Rogers v. Norfolk, 432 Mass. 374, 378 (2000) (legitimate municipal purposes include preserving character of neighborhood). The record, however, does not support a conclusion that a bylaw this stringent is necessary to protect the public health, safety, or welfare interests that Walpole seeks to promote.

Conclusion. Like the bylaw at issue in Tracer Lane, the Walpole bylaw here unduly restricts solar energy systems and therefore violates G. L. c. 40A, § 3, ninth par. Because we

8

hold that the bylaw violates the solar energy provision, we need not reach the issues raised by the cross appeal.[7]

<u>Judgment affirmed</u>.

By the Court (Neyman, Henry & Ditkoff, JJ.[8]),

*Paul Little*

Clerk

Entered:  August 22, 2024.

---

[7] Kearsarge argues that the motion judge erred in finding that the project is not protected under the essential government function doctrine or under the education protections of G. L. c. 40A, § 3, third par.

[8] The panelists are listed in order of seniority.